# Exhibit 1

Filed
D.C. Superior Court
07/3**8**/2017 22:3**8**PM
Clerk of the Court



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Princess Sakyi et al.

                                                        Plaintiff

vs.                                     Case Number ___2017 CA 005259 B___

Aveda Institute Inc. and the Estee Lauder Companies

                                                        Defendant

**SUMMONS**

To the above named Defendant:

　　　　You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

　　　　You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jason S. Rathod

Name of Plaintiff's Attorney                          *Clerk of the Court*

412 H St. NE Suite 302                    By _____
Address Washington DG 20002                              Deputy Clerk

202-470-3520                              Date 07/31/2017

Telephone
如需翻译, 请打电话 (202) 879-4828　　　Veuillez appeler au (202) 879-4828 pour une traduction　　　Để có một bản dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요　　　የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                              CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                              Demandante
        contra
                                              Número de Caso: _____
_____
                              Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le requiere presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                              Por: _____
_____              Subsecretario
Dirección

_____              Fecha _____
Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    ያስተረጉሙ ከፈለጉ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                                CASUM.doc

# Superior Court of the District of Columbia

## CIVIL DIVISION- CIVIL ACTIONS BRANCH
### INFORMATION SHEET

Princess Sakyi et al.

Case Number: 2017 CA 005259 B

vs

Date: 7/30/2017

Aveda Institute, Inc. and the Estee Lauder Companies

☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* Jason S. Rathod | Relationship to Lawsuit |
| Firm Name: Migliaccio & Rathod LLP | ☒ Attorney for Plaintiff |
| Telephone No.: 202-470-3520    Six digit Unified Bar No.: 1000882 | ☐ Self (Pro Se) |
| | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☐ 6 Person Jury    ☒ 12 Person Jury

Demand: $ _____    Other: Monetary damages and injunctive relief believed to exceed jurisdictional minimum

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____    Judge: _____    Calendar #: _____

Case No.: _____    Judge: _____    Calendar#: _____

---

NATURE OF SUIT:    *(Check One Box Only)*

### A. CONTRACTS                    COLLECTION CASES

| | | |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 14 Under $25,000 Pltf. Grants Consent | ☐ 16 Under $25,000 Consent Denied |
| ☐ 02 Breach of Warranty | ☐ 17 OVER $25,000 Pltf. Grants Consent | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 27 Insurance/Subrogation | ☐ 26 Insurance/Subrogation |
| ☐ 07 Personal Property | Over $25,000 Pltf. Grants Consent | Over $25,000 Consent Denied |
| ☐ 13 Employment Discrimination | ☐ 07 Insurance/Subrogation | ☐ 34 Insurance/Subrogation |
| ☐ 15 Special Education Fees | Under $25,000 Pltf. Grants Consent | Under $25,000 Consent Denied |
| | ☐ 28 Motion to Confirm Arbitration | |
| | Award (Collection Cases Only) | |

### B. PROPERTY TORTS

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

### C. PERSONAL TORTS

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 10 Invasion of Privacy | ☐ 17 Personal Injury- (Not Automobile, Not Malpractice) |
| ☐ 02 Alienation of Affection | ☐ 11 Libel and Slander | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 12 Malicious Interference | ☐ 19 Wrongful Eviction |
| ☐ 04 Automobile- Personal Injury | ☐ 13 Malicious Prosecution | ☐ 20 Friendly Suit |
| ☒ 05 Deceit (Misrepresentation) | ☐ 14 Malpractice Legal | ☐ 21 Asbestos |
| ☐ 06 False Accusation | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 22 Toxic/Mass Torts |
| ☐ 07 False Arrest | ☐ 16 Negligence- (Not Automobile, | ☐ 23 Tobacco |
| ☐ 08 Fraud | Not Malpractice) | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE        IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment | D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

/s/ Jason S. Rathod
_____
Attorney's Signature

7/30/2017
_____
Date

CV-496/ June 2015

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

PRINCESS SAKYI :
*Individually, on Behalf of All Others* :
*Similarly Situated, and on Behalf of the* :
*General Public of the District of* : Case No.: 2017 CA 005259 B
*Columbia* :
2 M St NE, : **CLASS ACTION COMPLAINT**
Washington D.C. 20002 :
: **JURY TRIAL DEMANDED**
Plaintiff, :
:
v. :
:
AVEDA INSTITUTE, INC., :
1099 Vermont Ave. NW, :
Washington D.C. 20005 and :
THE ESTEE LAUDER COMPANIES :
INC.,767 Fifth Avenue, :
New York, NY 10154 :
:
Defendants. :

## PRIVATE ATTORNEY GENERAL AND CLASS ACTION COMPLAINT

**COMES NOW** Plaintiff Princess Sakyi, on behalf of herself, all others similarly situated, and the general public of the District of Columbia ("Plaintiff"), by and through undersigned counsel, brings this consumer protection and wage theft Complaint against Aveda Institute, Inc. ("Aveda Institute") and the Estee Lauder Companies, Inc. ("Estee Lauder") (collectively, "Defendants"). In support of this Complaint, Plaintiff states the following facts and claims upon knowledge as to matters relating to herself and upon information and belief as to all other matters, as follows:

## INTRODUCTION AND SUMMARY OF ACTION

1.  This is a private attorney general action and class action on behalf of individuals who enrolled in the Aveda Institute in Washington D.C. as cosmetology students. The Aveda Institute holds itself out as an education institution for students to "learn their craft in Cosmetology." Aveda told prospective students that, if they enrolled in its program, they would be directly supervised by skilled professionals and "train" directly with guests, "receiv[ing] the trademark difference that defines an Aveda school." In reality, students spent many days not training, but as line employees, working upwards of 12 hours and performing simple, repetitive tasks on Aveda clients without supervision – such as straightforward nail or hair jobs. This work primarily benefitted Defendants, who charged the clients for the work performed and charged the students tuition higher than peer institutions, but did not pay students for the work they did, which was not in the nature of training.

2.  Plaintiff brings this action pursuant to Rule 23 of the D.C. Superior Court Rules of Civil Procedure and D.C. Code § 32-1308 on behalf of herself and a class of similarly situated cosmetology students who have attended the Aveda Institute in Washington D.C.

3.  Plaintiff, on behalf of herself and the class, alleges that Defendants have violated provisions of the Washington D.C. Consumer Protection Procedures Act ("CPPA") by marketing that its cosmetology school was superior to its peer institutions because of the "training" it provided on guests, which, in reality, amounted to hundreds of hours of unsupervised, free labor for Defendants.

4.  Plaintiff, on behalf of herself and the class, alleges that Defendants have violated provisions of the Washington D.C. Minimum Wage Revision Act ("DCMWRA") and the Wage Payment Collection Law ("DCWPL"), D.C. Code § 32–1302 et seq, by: (1) failing to pay a minimum wage, and (2) failing to pay all wages earned to student employees in a timely manner.

2

## JURISDICTION AND VENUE

5.      The subject matter jurisdiction of the Court is invoked pursuant to D.C. Code §28-3905(k)(2), D.C. Code §32-1012, and by virtue of the fact that all acts and omissions complained of occurred in the District of Columbia.

6.      This Court has personal jurisdiction over each Defendant pursuant to D.C. Code §§ 13-423(a) and 13-422.

7.      Venue lies in the Superior Court of the District of Columbia because a substantial part of the events or omissions giving rise to this claim occurred in the District of Columbia.

## PARTIES

8.  Plaintiff Princess Sakyi is an adult resident of Washington, D.C., a consumer of services offered by Defendants in the District of Columbia, and a former student employee of Defendants.

9.  During all relevant times, Plaintiff Sakyi was employed by Defendants, including from approximately April 2016 to May 2017, as an unpaid cosmetology student employee at Defendants' Aveda Institute located in Washington D.C.

10. Defendant Aveda Institute, Inc. is a corporation organized under the laws of the State of Delaware with its principal office at 7 Corporate Center Drive, Melville, NY 11747.

11. Defendant Estee Lauder, Inc. is a corporation organized under the laws of the State of Delaware with its principal office at 7 Corporate Center Drive, Melville, NY 11747.

## STATEMENT OF FACTS

12. Defendant Aveda Institute is a New-York based company that runs a cosmetology program in several cities, including Washington D.C., in which student enrollees provide cosmetology services for paying customers.

3

13. Defendant Estee Lauder is the parent company of Defendant Aveda Institute and shares in the profits generated by the Aveda Institute.

14. Prospective students were told that in the Washington D.C. Aveda Institute "supervised students train directly with guests, delivering the trademark difference that defines an AVEDA school." *See, e.g.,* https://avedainstitutessouth.edu/locations/washington-d-c/ (last visited June 26, 2017).

15. Prospective students were told that the one-of-a-kind "hands-on experience" that they would receive in training at the Aveda Institute would be "by licensed educators within a salon environment" in which "[s]tudents will learn the latest styles and techniques in haircutting, hair styling and hair coloring." *See, e.g.,* https://avedainstitutessouth.edu/programs/cosmetology/

16. Students were also told that they would receive all the preparation they need to take the state board exam and would receive an ipad as part of the program.

17. For the education at the Aveda Institute in Washington D.C., students pay approximately $26,000 in tuition. Plaintiff Sakyi paid this amount, including approximately $5,000 out of pocket and $21,000 in student loans.

18. Students spent many days not training, but as line employees, performing simple, repetitive tasks for Aveda clients without supervision – such as straightforward nail or hair jobs.

19. For work performed on paying customers in the Aveda Institute salon, Aveda students sometimes receive tips from customers. The students did not, and do not, receive an hourly wage.

20. Although considered by Defendants for purposes of labor laws as "trainees," the students are actually employees who are economically integrated into Defendants' profitable hair salons, and controlled by Defendants' common policies and practices. The students are required

4

to follow detailed requirements imposed on them by Defendants, and are subject to grading, discipline and even termination from the program based on Defendants' discretion and/or students' failure to adhere to these requirements (such as rules regarding their contact with customers, the hours they maintain in the salon, and the accurateness of their services).

21. The work performed in the salon by Plaintiff and other Aveda students primarily benefitted Defendants, rather than the students. The work was not training by licensed educators in which students learned "the latest styles and techniques," but rather, repetitive and run-of-the mill haircuts and nail work for hundreds of hours. For this work, customers paid Aveda, but the students did not receive any money, including an hourly wage, from Defendants. This work was controlled and required by Defendants and pursued necessarily and primarily for the benefit of Defendants and their business.

22. Plaintiff acknowledges that a qualification for licensure in cosmetology in Washington D.C. is training of a certain amount of hours in various aspects of cosmetology work. However, the amount of work that Defendants required her and other students to perform in certain areas far exceeded the requirements of licensure, demonstrating that it was primarily not for her benefit, but for Defendants. For example, regulations require 50 hours related to manicure and pedicure for licensure, but Defendants required Plaintiff to perform approximately 180 hours of nail work, during the period from July to September 2016.

23. After Plaintiff and other students finished their work for a customer, Defendants also required Plaintiff and other students to show customers the Aveda-branded products that they used on the customers and try to sell the products to customers. Defendants also required Plaintiff and other students to occasionally fill-in on the retail sales floor, performing general sales and other duties for Defendants unrelated to their degree.

5

24. Staff at the Aveda Institute required Plaintiff and other students to pay out-of-pocket for iPads, which were rarely incorporated in to their study, when students had been told that the cost of the iPad would be included in tuition. *See, e.g.,* https://avedainstitutessouth.edu/locations/washington-d-c/ ("So whether you're looking for a cosmetology school in Washington DC, or want the luxury for less service you've come to expect from an AVEDA school, look no further than the AVEDA Institute Washington DC, where every cosmetology program enrollee now receives an iPad.") (last visited June 27, 2017).

25. Students, including Plaintiff, were required to spend so much time in the salon that they did not receive the coursework necessary to be properly prepared for the state board exam. Only when students complained did Defendants – after graduation – agree to provide additional coursework. The delay, however, meant that students had to spend additional resources coming to the Institute for weeks after the program was supposed to end and also delay the start of their cosmetology careers.

26. Had Defendants disclosed to Plaintiff and other students the true nature of the Aveda Institute's cosmetology program, including but not limited to the amount of time they would spend on repetitive, comparatively unskilled nail and hair work, the students would have chosen another cosmetology program.

## WASHINGTON D.C. CLASS

27. Plaintiff brings this class action pursuant to D.C. Super. Ct. R. Civ. P. 23 and D.C. Code § 32-1308 on behalf of herself and all cosmetology students who have enrolled at the Aveda Institute in Washington D.C.

28. Defendants uniformly misrepresented and/or omitted material facts about the true

nature of the cosmetology program to Plaintiff and other class members, including that students would perform hundreds of hours of unpaid labor involving, among other things, simple haircuts and nail jobs for which there was no supervision by licensed educators.

29. Defendants uniformly failed to pay Plaintiff and other class members a minimum wage and failed to pay all wages earned in a timely manner.

30. The members of the class are so numerous that joinder of all class members is impracticable.

31. The critical questions of law and fact common to the Plaintiff Class that will materially advance the litigation are whether Defendants misrepresented and/or omitted material facts about the cosmetology program to Plaintiffs and the class and whether applicable law required Defendants to pay wages to Plaintiffs and the class for work that they performed at the Aveda salon. Other questions of law and fact common to the Class that exist as to all members of the class and predominate over any questions affecting only individual members of the Class include the following:

    a. Whether class members have been required to follow uniform procedures and policies regarding their work for Defendants;

    b. Whether the work performed by class members is within Defendants' usual course of business, and whether such work is fully integrated into Defendants' business;

    c. Whether the work performed by class members primarily benefited them or Defendants;

    d. Whether class members would have attended the Aveda Institute, or whether they would have paid a lower amount, had they known of the true nature of the program including the amount and nature of the work they would perform.

32. Plaintiff's claims are typical of the claims of the Class Members, as all such claims arise out of Defendants' conduct in developing, marketing, advertising, and selling the cosmetology program as well as in requiring students to work without receiving wages.

33. Plaintiff will fairly and adequately protect the interests of the members of the Class and has no interests antagonistic to those of the Class. Plaintiff has retained counsel experienced in the prosecution of complex class actions, including but not limited to consumer class actions involving, among other things, consumer protection and wage theft.

34. This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class impracticable. Should individual class members be required to bring separate actions, this Court would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

## UNLAWFUL AND DECEPTIVE TRADE PRACTICE – DC Code § 28-3905
### Count I
### (Brought Individually, on Behalf of the Class and on Behalf of the General Public of the District of Columbia)

35. Each of the preceding paragraphs is incorporated by reference herein.

36. Plaintiff Sakyi on behalf of herself as an individual, on behalf of all others similarly situated and on behalf of the general public files this action pursuant to D.C. Code § 28-3905(k).

8

37. Defendants' Aveda Institute program paid for by Plaintiff and class members contradicted representations made about the program, including that Plaintiffs and class members would spend their time working in the Aveda salon being trained under the direct supervision of skilled professionals, constituting an unlawful and deceptive trade practice pursuant to DC Code § 28-3904 in that Defendant:

 a. Represented that goods or services have characteristics, uses, and benefits that they do not have;

 b. Represented that its services are of a particular standard, quality and style when, in fact, they are of another;

 c. Misrepresented as to a material fact that has a tendency to mislead;

 d. Failed to state a material fact that tended to mislead;

 e. Used innuendo or ambiguity as to a material fact, which has a tendency to mislead;

 f. Advertised services without the intent to sell them as advertised or offered;

 g. Made unconscionable terms or provisions of a sale as demonstrated by, among other factors, the gross disparity between the price of the services and the valuve of the services measured by the price at which similar services are readily obtainable in transactions by like buyers;

 h. Otherwise misleads.

38. As a result of these material misrepresentations, Plaintiff and Class Members suffered financial loss in that they would not have paid for the Aveda Institute or would have paid a much lower amount in tuition.

39. The material misrepresentations affect the general public's ability to comparison

shop for cosmetology programs by materially misleading about the contents and quality of the Aveda Institute.

40. Upon information and belief, Defendant intentionally made these misrepresentations knowing that they had the tendency to mislead consumers, such as Ms. Sakyi.

41. The manner in which the program is run, requiring hundreds of hours of unpaid labor by students that primarily benefits Defendants, is in direct contradiction to the representations made that the Aveda Institute provides unrivalled, hands-on training under the direct supervision of licensed professionals.

42. For her losses, Ms. Sakyi seeks actual damages, statutory damages, punitive damages, injunctive relief, and reasonable attorney's fees for herself and all others similarly situated.

## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE DCMWRA
### Count II
### (Brought Individually and on Behalf of the Class)

43. Plaintiff and Class Members performed unpaid work controlled and required by Defendants and pursued necessarily and primarily for the benefit of Defendants and their business.

44. Defendant's willful conduct in failing to pay its employees the D.C. minimum wage violates the DCMWRA.

## FAILURE TO PAY ALL WAGES EARNED IN A TIMELY MANNER IN VIOLATION OF THE DCWPCL
### Count III
### (Brought Individually and on Behalf of the Class)

45. Defendant's willful conduct in failing to pay its employees in a timely manner for all wages that they earned violates the DCWPCL.

10

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Princess Sakyi, on behalf of herself, all others similarly situated and the general public of the District of Columbia, pray for a judgment against Defendants as follows:

A.      Finding that this action satisfies the prerequisites for maintenance as a class action set forth in D.C. Super. Ct. R. Civ. P. 23(a), (b)(2) and/or (b)(3);

B.      Designating Plaintiff as representative of the Class and her counsel as Class counsel;

C.      Entering judgment in favor of Plaintiff, the Class and the general public of the District of Columbia and against Defendants for all compensatory, individual and class damages;

D.      Awarding compensatory damages such as all wages owed as well as the difference between the amounts that Plaintiff and the Class paid for the program and the amounts that they would have paid had they known the true nature of the program, as will be proven;

E.      Granting Plaintiff, the Class and the general public of the District of Columbia treble damages or statutory damages, whichever is greater for their CPPA claim;

F.      Awarding liquidated damages for the wage claims of Plaintiff and the Class;

G.      Granting Plaintiff and the Class the costs of prosecuting this action, including attorneys' fees, experts' fees and costs together with interest;

H.      Granting an injunction against Defendants that they pay students for work performed in the Aveda salon and change their marketing practices to accurately reflect the nature of work performed in the cosmetology program; and

H.      Granting such further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

11

Plaintiff hereby demand a trial by jury on all issues so triable.

Dated: July 30, 2017

Respectfully submitted,

*/s/ Jason S. Rathod*

Jason S. Rathod, Esq. (D.C. Bar No. 100082)
Nicholas A. Migliaccio, Esq. (D.C. Bar No.484366)
**MIGLIACCIO & RATHOD LLP**
412 H St., NE
Suite 302
Washington, DC 20002
(202) 470-3520 (Tel.)
(202) 800-2730 (Fax)
jrathod@classlawdc.com
nmigliaccio@classlawdc.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2017, the foregoing was filed electronically with the Court.

/s/ Jason S. Rathod

Jason S. Rathod, Esq.

13



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

PRINCESS SAKYI
Vs.                                              C.A. No.      2017 CA 005259 B
AVEDA INSTITUTE, INC. et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once,** with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge BRIAN F HOLEMAN
Date:  July 31, 2017
Initial Conference: 9:30 am, Friday, November 03, 2017
Location:  Courtroom 214
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001                                        Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief    Judge    Robert    E.    Morin

Caio.doc



U.S. POSTAGE
PAID
WASHINGTON, DC
20002
AUG 01 17
AMOUNT
**$7.22**
R2305K137055-10

FIRST CLASS

1000          10153

RETURN RECEIPT
REQUESTED

7017 1070 0000 4919 9913

The Estee Lauder Companies Inc.

167 Fifth Ave

New Y

FROM:

CARR:  United States Postal Service
TRK#:  70171070000049199913
RCVD:  8/15/2017          0936
TO:    PEREZ, ROSINA
PH:    6626
PCS:  1

9999000816954

PEREZ, ROSINA

FLR: 110
SITE: 767

I St NE, Suite 302
ington, DC 20002

FIRST CLASS

FIRST CLASS

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

THE ESTEE LAUDER COMPANIES INC.
767 FIFTH AVE.
New YORK, NY 10154

9590 9402 3049 7124 1706 55

2. Article Number (Transfer from service label)

7017 1070 0000 4919 9913

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
   ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt