**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PRINCESS SAKYI | : | |
| *Individually, on Behalf of All Others* | : | |
| *Similarly Situated, and on Behalf of the* | : | |
| *General Public of the District of* | : | Case No.: 1:17-cv-01863-BAH |
| *Columbia* | : | |
| 2 M St NE, | : | **AMENDED CLASS ACTION** |
| Washington D.C. 20002 | : | **COMPLAINT** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AVEDA CORPORATION, | : | |
| 251 Little Falls Dr., Wilmington, DE, | : | |
| 19808 | : | |
| | : | |
| BEAUTY BASICS, INC. d/b/a AVEDA | : | |
| INSTITUTES SOUTH, | : | |
| 113 S. Pine St., | : | |
| Hammond, La. 70403 | : | |
| | : | |
| THE ESTEE LAUDER COMPANIES | : | |
| INC.,767 Fifth Avenue, | : | |
| New York, NY 10154 | : | |
| | : | |
| Defendants. | : | |

**AMENDED PRIVATE ATTORNEY GENERAL AND CLASS ACTION COMPLAINT**

**COMES NOW** Plaintiff Princess Sakyi, on behalf of herself, all others similarly situated, and the general public of the District of Columbia ("Plaintiff"), by and through undersigned counsel, brings this consumer protection and wage theft Complaint against Aveda Corporation ("Aveda"), Beauty Basics, Inc. d/b/a Aveda Institutes South ("Beauty Basics") and the Estee Lauder Companies, Inc. ("Estee Lauder") (collectively, "Defendants"). In support of this Complaint, Plaintiff states the following facts and claims upon knowledge as to matters relating to herself and upon information and belief as to all other matters, as follows:

## INTRODUCTION AND SUMMARY OF ACTION

1.     This is a private attorney general action and class action on behalf of individuals who enrolled in the Aveda Institute in Washington D.C. as cosmetology students.  The Aveda Institute holds itself out as an education institution for students to "learn their craft in Cosmetology."  Aveda told prospective students that, if they enrolled in its program, they would be directly supervised by skilled professionals and "train" directly with guests, "receiv[ing] the trademark difference that defines an Aveda school."  In reality, students spent many days not training, but as line employees, working upwards of 12 hours and performing simple, repetitive tasks on Aveda clients without supervision – such as straightforward nail or hair jobs.  This work primarily benefitted Defendants, who charged the clients for the work performed and charged the students tuition higher than peer institutions, but did not pay students for the work they did, which was not in the nature of training.

2.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure and D.C. Code § 32-1308 on behalf of herself and a class of similarly situated cosmetology students who have attended the Aveda Institute in Washington D.C.

3.     Plaintiff, on behalf of herself and the class, alleges that Defendants have violated provisions of the Washington D.C. Consumer Protection Procedures Act ("CPPA") by marketing that its cosmetology school was superior to its peer institutions because of the "training" it provided on guests, which, in reality, amounted to hundreds of hours of unsupervised, free labor for Defendants.

4.     Plaintiff, on behalf of herself and the class, alleges that Defendants have violated provisions of the Washington D.C. Minimum Wage Revision Act ("DCMWRA") and the Wage Payment Collection Law ("DCWPL"), D.C. Code § 32–1302 et seq, by: (1) failing to pay a minimum wage, and (2) failing to pay all wages earned to student employees in a timely manner.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interest and costs and because the parties are residents of different states.

6.      This Court has jurisdiction because Defendants maintain sufficient minimum contacts in Washington D.C. and the claims in this action arise from those contacts. *See* D.C. Code §§ 13-423(a) and 13-422.

7.      Venue lies in the Superior Court of the District of Columbia because a substantial part of the events or omissions giving rise to this claim occurred in the District of Columbia.

## PARTIES

8.   Plaintiff Princess Sakyi is an adult resident of Washington, D.C., a consumer of services offered by Defendants in the District of Columbia, and a former student employee of Defendants.

9.   During all relevant times, Plaintiff Sakyi was employed by Defendants, including from approximately April 2016 to May 2017, as an unpaid cosmetology student employee at Defendants' Aveda Institute located in Washington D.C.

10. Defendant Aveda Corporation is a corporation organized under the laws of the State of Delaware with its principal office at 4000 Pheasant Ridge Drive, Blaine, MN 55449.

11. Defendant Beauty Basics, Inc. d/b/a Aveda Institutes South is a corporation organized under the laws of Louisiana with its principal office at 303 S. Pine Street, Hammond, La. 70403.

12. Defendant Estee Lauder, Inc. is a corporation organized under the laws of the State of Delaware with its principal office at 7 Corporate Center Drive, Melville, NY 11747.

## STATEMENT OF FACTS

3

13. Defendants Aveda and Beauty Basics run cosmetology programs in several cities, including Washington D.C., in which student enrollees provide cosmetology services for paying customers.

14. Defendant Estee Lauder is a parent company of Aveda Corporation and shares in the profits generated by the Aveda Institute.

15. Prospective students were told that in the Washington D.C. Aveda Institute "supervised students train directly with guests, delivering the trademark difference that defines an AVEDA school." *See, e.g.,* https://avedainstitutessouth.edu/locations/washington-d-c/ (last visited June 26, 2017).

16. Prospective students were told that the one-of-a-kind "hands-on experience" that they would receive in training at the Aveda Institute would be "by licensed educators within a salon environment" in which "[s]tudents will learn the latest styles and techniques in haircutting, hair styling and hair coloring." *See, e.g.,* https://avedainstitutessouth.edu/programs/cosmetology/

17. Students were also told that they would receive all the preparation they need to take the state board exam and would receive an ipad as part of the program.

18. For the education at the Aveda Institute in Washington D.C., students pay approximately $26,000 in tuition. Plaintiff Sakyi paid this amount, including approximately $5,000 out of pocket and $21,000 in student loans.

19. Students spent many days not training, but as line employees, performing simple, repetitive tasks for Aveda clients without supervision – such as straightforward nail or hair jobs.

20. For work performed on paying customers in the Aveda Institute salon, Aveda students sometimes receive tips from customers. The students did not, and do not, receive an hourly wage.

21. Although considered by Defendants for purposes of labor laws as "trainees," the students are actually employees who are economically integrated into Defendants' profitable hair salons, and controlled by Defendants' common policies and practices.  The students are required to follow detailed requirements imposed on them by Defendants, and are subject to grading, discipline and even termination from the program based on Defendants' discretion and/or students' failure to adhere to these requirements (such as rules regarding their contact with customers, the hours they maintain in the salon, and the accurateness of their services).

22. The work performed in the salon by Plaintiff and other Aveda students primarily benefitted Defendants, rather than the students.  The work was not training by licensed educators in which students learned "the latest styles and techniques," but rather, repetitive and run-of-the mill haircuts and nail work for hundreds of hours.  For this work, customers paid Aveda, but the students did not receive any money, including an hourly wage, from Defendants.  This work was controlled and required by Defendants and pursued necessarily and primarily for the benefit of Defendants and their business.

23. Plaintiff acknowledges that a qualification for licensure in cosmetology in Washington D.C. is training of a certain amount of hours in various aspects of cosmetology work.  However, the amount of work that Defendants required her and other students to perform in certain areas far exceeded the requirements of licensure, demonstrating that it was primarily not for her benefit, but for Defendants.  For example, regulations require 50 hours related to manicure and pedicure for licensure, but Defendants required Plaintiff to perform approximately 180 hours of nail work, during the period from July to September 2016.

24.  After Plaintiff and other students finished their work for a customer, Defendants also

required Plaintiff and other students to show customers the Aveda-branded products that they used on the customers and try to sell the products to customers.  Defendants also required Plaintiff and other students to occasionally fill-in on the retail sales floor, performing general sales and other duties for Defendants unrelated to their degree.

25. Staff at the Aveda Institute required Plaintiff and other students to pay out-of-pocket for iPads, which were rarely incorporated in to their study, when students had been told that the cost of the iPad would be included in tuition.  *See, e.g.,* https://avedainstitutessouth.edu/locations/washington-d-c/ ("So whether you're looking for a cosmetology school in Washington DC, or want the luxury for less service you've come to expect from an AVEDA school, look no further than the AVEDA Institute Washington DC, where every cosmetology program enrollee now receives an iPad.") (last visited June 27, 2017).

26. Students, including Plaintiff, were required to spend so much time in the salon that they did not receive the coursework necessary to be properly prepared for the state board exam.  Only when students complained did Defendants – after graduation – agree to provide additional coursework.  The delay, however, meant that students had to spend additional resources coming to the Institute for weeks after the program was supposed to end and also delay the start of their cosmetology careers.

27. Had Defendants disclosed to Plaintiff and other students the true nature of the Aveda Institute's cosmetology program, including but not limited to the amount of time they would spend on repetitive, comparatively unskilled nail and hair work, the students would have chosen another cosmetology program.

### **WASHINGTON D.C. CLASS**

28. Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil

6

Procedure Rule 23 and D.C. Code § 32-1308 on behalf of herself and all cosmetology students who have enrolled at the Aveda Institute in Washington D.C.

29.  Defendants uniformly misrepresented and/or omitted material facts about the true nature of the cosmetology program to Plaintiff and other class members, including that students would perform hundreds of hours of unpaid labor involving, among other things, simple haircuts and nail jobs for which there was no supervision by licensed educators.

30. Defendants uniformly failed to pay Plaintiff and other class members a minimum wage and failed to pay all wages earned in a timely manner.

31. The members of the class are so numerous that joinder of all class members is impracticable.

32. The critical questions of law and fact common to the Plaintiff Class that will materially advance the litigation are whether Defendants misrepresented and/or omitted material facts about the cosmetology program to Plaintiffs and the class and whether applicable law required Defendants to pay wages to Plaintiffs and the class for work that they performed at the Aveda salon.  Other questions of law and fact common to the Class that exist as to all members of the class and predominate over any questions affecting only individual members of the Class include the following:

   a.   Whether class members have been required to follow uniform procedures and policies regarding their work for Defendants;

   b.   Whether the work performed by class members is within Defendants' usual course of business, and whether such work is fully integrated into Defendants' business;

   c.   Whether the work performed by class members primarily benefited them or Defendants;

    d.  Whether class members would have attended the Aveda Institute, or whether they would have paid a lower amount, had they known of the true nature of the program including the amount and nature of the work they would perform.

33. Plaintiff's claims are typical of the claims of the Class Members, as all such claims arise out of Defendants' conduct in developing, marketing, advertising, and selling the cosmetology program as well as in requiring students to work without receiving wages.

34. Plaintiff will fairly and adequately protect the interests of the members of the Class and has no interests antagonistic to those of the Class.  Plaintiff has retained counsel experienced in the prosecution of complex class actions, including but not limited to consumer class actions involving, among other things, consumer protection and wage theft.

35. This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class impracticable. Should individual class members be required to bring separate actions, this Court would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments.  In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

**UNLAWFUL AND DECEPTIVE TRADE PRACTICE – DC Code § 28-3905**
**Count I**
**(Brought Individually, on Behalf of the Class and on Behalf of the General Public of the District of Columbia)**

36. Each of the preceding paragraphs is incorporated by reference herein.

37. Plaintiff Sakyi on behalf of herself as an individual, on behalf of all others similarly situated and on behalf of the general public files this action pursuant to D.C. Code § 28-3905(k).

38. Defendants' Aveda Institute program paid for by Plaintiff and class members contradicted representations made about the program, including that Plaintiffs and class members would spend their time working in the Aveda salon being trained under the direct supervision of skilled professionals, constituting an unlawful and deceptive trade practice pursuant to DC Code § 28-3904 in that Defendant:

    a.  Represented that goods or services have characteristics, uses, and benefits that they do not have;

    b.  Represented that its services are of a particular standard, quality and style when, in fact, they are of another;

    c.  Misrepresented as to a material fact that has a tendency to mislead;

    d.  Failed to state a material fact that tended to mislead;

    e.  Used innuendo or ambiguity as to a material fact, which has a tendency to mislead;

    f.  Advertised services without the intent to sell them as advertised or offered;

    g.  Made unconscionable terms or provisions of a sale as demonstrated by, among other factors, the gross disparity between the price of the services and the valuve of the services measured by the price at which similar services are readily obtainable in transactions by like buyers;

    h.  Otherwise misleads.

39. As a result of these material misrepresentations, Plaintiff and Class Members suffered

financial loss in that they would not have paid for the Aveda Institute or would have paid a much lower amount in tuition.

40. The material misrepresentations affect the general public's ability to comparison shop for cosmetology programs by materially misleading about the contents and quality of the Aveda Institute.

41. Upon information and belief, Defendant intentionally made these misrepresentations knowing that they had the tendency to mislead consumers, such as Ms. Sakyi.

42. The manner in which the program is run, requiring hundreds of hours of unpaid labor by students that primarily benefits Defendants, is in direct contradiction to the representations made that the Aveda Institute provides unrivalled, hands-on training under the direct supervision of licensed professionals.

43. For her losses, Ms. Sakyi seeks actual damages, statutory damages, punitive damages, injunctive relief, and reasonable attorney's fees for herself and all others similarly situated.

**FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE DCMWRA**
**Count II**
**<u>(Brought Individually and on Behalf of the Class)</u>**

44. Plaintiff and Class Members performed unpaid work controlled and required by Defendants and pursued necessarily and primarily for the benefit of Defendants and their business.

45. Defendant's willful conduct in failing to pay its employees the D.C. minimum wage violates the DCMWRA.

**FAILURE TO PAY ALL WAGES EARNED IN A TIMELY MANNER IN**
**VIOLATION OF THE DCWPCL**
**Count III**
**<u>(Brought Individually and on Behalf of the Class)</u>**

46. Defendant's willful conduct in failing to pay its employees in a timely manner for all wages that they earned violates the DCWPCL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Princess Sakyi, on behalf of herself, all others similarly situated and the general public of the District of Columbia, pray for a judgment against Defendants as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. Pr. 23(a), (b)(2), and/or (b)(3) as substantively modified by D.C. Code § 32-1308;

B.    Designating Plaintiff as representative of the Class and her counsel as Class counsel;

C.    Entering judgment in favor of Plaintiff, the Class and the general public of the District of Columbia and against Defendants for all compensatory, individual and class damages;

D.    Awarding compensatory damages such as all wages owed as well as the difference between the amounts that Plaintiff and the Class paid for the program and the amounts that they would have paid had they known the true nature of the program, as will be proven;

E.    Granting Plaintiff, the Class and the general public of the District of Columbia treble damages or statutory damages, whichever is greater for their CPPA claim;

F.    Awarding liquidated damages for the wage claims of Plaintiff and the Class;

G.    Granting Plaintiff and the Class the costs of prosecuting this action, including attorneys' fees, experts' fees and costs together with interest;

H.    Granting an injunction against Defendants that they pay students for work performed in the Aveda salon and change their marketing practices to accurately reflect the nature of work performed in the cosmetology program; and

H.    Granting such further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury on all issues so triable.

Dated: October 24, 2017                    Respectfully submitted,

*/s/ Jason S. Rathod*

Jason S. Rathod, Esq. (D.C. Bar No. 100082)
Nicholas A. Migliaccio, Esq. (D.C. Bar No.484366)
**MIGLIACCIO & RATHOD LLP**
412 H St., NE
Suite 302
Washington, DC 20002
(202) 470-3520 (Tel.)
(202) 800-2730 (Fax)
jrathod@classlawdc.com
nmigliaccio@classlawdc.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2017, the foregoing was filed electronically with the Court.

/s/ Jason S. Rathod
Jason S. Rathod, Esq.