UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRINCESS SAKYI,<br><br>Plaintiff,<br><br>v.<br><br>ESTEE LAUDER COMPANIES, INC., *et al.*,<br><br>Defendants. | Civil Action No. 17-1863 (BAH)<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

Upon consideration of the plaintiff Princess Sakyi's Motion to Extend the Deadline for Class Certification ("Pl.'s Mot."), ECF No. 17, the memoranda submitted in support and opposition, and the entire record herein, the plaintiff's motion is GRANTED.

The plaintiff initiated this action, individually and on behalf of all others similarly situated, against defendants Estee Lauder Companies, Inc., Aveda Institute, Inc., Aveda Corporation, and Beauty Basics, Inc. (collectively, "defendants"), in the Superior Court of the District of Columbia on July 31, 2017, alleging unlawful and deceptive trade practices under D.C. Code § 28-3905, failure to pay minimum wage under the District of Columbia Minimum Wage Revision Act, and failure to pay all wages earned under the District of Columbia Wage Payment Collection Law. *See* Defs.' Notice of Removal, Ex. 1, Complaint ("Compl.") at 8–10, ECF No. 1-1. The defendants removed the case to federal court on September 12, 2017, *see* Defs.' Notice of Removal, ECF No. 1, and the plaintiff filed an amended complaint on October 24, 2017, *see generally* Amended Private Att'y General & Class Action Compl. ("Amended Compl."), ECF No. 10. On January 12, 2018, the parties filed their joint meet and confer statement, *see generally* Jt. Meet & Confer Stmt. ("Jt. MCS"), ECF No. 15, which mentioned,

1

for the first time, that the plaintiff intended to file a motion for extension of time to seek class certification, *id.* at 6–7. The plaintiff filed the instant motion the same day.

Federal Rule of Civil Procedure 23(c)(1) requires the court to determine, "[a]t an early practicable time after a person sues or is sued as a class representative," whether to certify the action as a class action. FED. R. CIV. P. 23(c)(1)(A). Consistent with this federal rule, Local Civil Rule 23.1(b) requires the plaintiff to move for class certification "[w]ithin 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the Court in the exercise of its discretion has extended this period." LCvR 23.1(b); *see also* D.C. Sup. Ct. Cv. R. 23-I(b) (same). When ruling on a motion for class certification, the court may "allow the action to be so maintained, may deny the motion, or may order that a ruling be postponed pending discovery or other appropriate preliminary proceedings." LCvR 23.1(b).

"Local Rule 23.1(b) and its predecessors have been strictly applied in this Circuit." *Howard v. Gutierrez*, 474 F. Supp. 2d 41, 53 (D.D.C. 2007) (citing *Black Panther Party v. Smith*, 661 F.2d 1243, 1279 (D.C. Cir. 1981)); *see also Batson v. Powell*, 912 F. Supp. 565, 570 (D.D.C. 1996) ("As this Court has made clear, the 90-day limit of Local Rule 203(b) has been strictly enforced in this Circuit.") (internal quotation marks omitted); *Weiss v. Int'l Bhd. of Elec. Workers*, 729 F. Supp. 144, 148 (D.D.C. 1990) (same). As the D.C. Circuit has explained, strict enforcement of this rule is justified because the local rule "implements the policy behind the already extant requirement of Fed. R. Civ. P. 23(c)(1) that class certification decisions be made 'as soon as practicable.'" *McCarthy v. Kleindienst*, 741 F.2d 1406, 1411 (D.C. Cir. 1984) (quoting FED. R. CIV. P. 23(c)(1)) (some internal quotation marks omitted). Accordingly, the D.C. Circuit has affirmed a district court's denial of a motion for an extension of time to move for class certification that was filed merely eleven days late. *See Black Panther Party*, 661 F.2d

at 1279; *see also Batson*, 912 F. Supp. at 570–71 (denying motion for class certification filed twenty days late). Moreover, as this Court has held, "the most natural reading" of Local Rule 23.1(b) is that the rule "requires the filing of a certification motion within ninety days of the first complaint that states class allegations." *Howard*, 474 F. Supp. 2d at 54; *see also Smith v. Ergo Sols., LLC*, 306 F.R.D. 57, 66 (D.D.C. 2015) ("As this Court has held, the ninety-day deadline is measured from the filing of the first complaint alleging a class action—not from the subsequent filing of an amended complaint.") (citing *Howard*, 474 F. Supp. 2d at 54–55). Indeed, "[i]f the local rule were intended to apply to all subsequent amended complaints, it would refer to 'the filing of any complaint.' It does not." *Howard*, 474 F. Supp. 2d at 54.

A district court may nevertheless forgive a party's failure to file a timely motion for class certification if that party makes a showing of "excusable neglect." *Little v. Wash. Metro. Area Transit Auth.*, 100 F. Supp. 3d 1, 6 (D.D.C. 2015); Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). The determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Smith v. District of Columbia*, 430 F.3d 450, 456 n.5 (D.C. Cir. 2005). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to

omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392 (footnote omitted); *see also Cryer v. InterSolutions, Inc.*, No. 06-cv-2032, 2007 WL 1191928, at *5 (D.D.C. Apr. 20, 2007) ("The *Pioneer* Court 'purposely fashioned a flexible rule which, by its nature, counsels against the imposition of a per se rule on attorney neglect.'") (quoting *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003)).

In this case, the plaintiff first filed a complaint in D.C. Superior Court on July 31, 2017. That court has a local rule almost identical to this Court's Local Civil Rule 23.1(b), making a motion for class certification due by October 29, 2017. *See* D.C. Sup. Ct. Cv. R. 23-I(b). The plaintiff argues, however, that "the 90-day deadline runs from the deadline of the filing of Plaintiff's Amended Complaint, which was filed on October 24, 2017, making the deadline January 22, 2018." Pl.'s Mem. Supp. Mot. Extend Deadline Class Cert. ("Pl.'s Mem.") at 3, ECF No. 17-1. The plaintiff is incorrect, for the same reasons stated in *Howard*. *See Howard*, 474 F. Supp. 2d at 54–55. This Court has not had the opportunity to address whether the ninety-day deadline runs from the filing of the original complaint in state court or instead from the removal of the case to federal court, and doing so today is unnecessary because the deadline has lapsed under either rule: ninety days from the filing of the complaint was October 29, 2017, while ninety days from removal was December 11, 2017.[1]

Nevertheless, the plaintiff's neglect is excusable. The plaintiff's motion and the parties' Joint Meet and Confer Statement indicate that the plaintiff requested the defendants' consent to

---

[1] The plaintiff also argues that the defendants have conceded, through their failure to respond to this argument, that "the deadline did not begin to run with respect to defendants Aveda Corporation and Beauty Basics until the filing of the amended complaint," because those defendants were not added in this matter until the amended complaint was filed on October 24, 2017. *See* Pl.'s Reply Supp. Mot. Extend Deadline Class Cert. ("Pl.'s Reply") at 1–2, ECF No. 22. Local Rule 23.1(b) does not, however, make any reference to later-added parties and instead refers to only "the filing of *a* complaint." LCvR 23.1(b) (emphasis added). The plaintiff's decision to add additional defendants after filing a complaint in this matter does not affect the applicable time period during which she was required to move for class certification.

an extension of time sometime around November 8, 2017, when defendants' counsel represented that they would "confer" about the plaintiff's request. Jt. MCS at 6. When plaintiff's counsel followed up on that request on November 13, 2017, defendants' counsel responded two days later asking "why [plaintiff's counsel] [is] requesting an extension of the certification deadline, so we can discuss the matter with our client." *Id.* Five minutes later, plaintiff's counsel explained that the request was due to the discovery he anticipated would be necessary to support the motion. *Id.* at 6–7. Defendants' counsel never responded to that e-mail but later represented to plaintiff's counsel that the defendant took "no position on Plaintiff's request." *Id.* at 7. That neutrality changed into opposition by the time the parties discussed the joint meet and confer statement. *See id.* at 7.

The plaintiff's attempts to communicate the request for an extension to defendants' counsel indicate that the defendants have suffered no prejudice as a result of this delay. Even in the absence of a motion for class certification or a motion for extension of time, the defendants "clearly still contemplated the future filing of a class certification motion," *Little*, 100 F. Supp. 3d at 6, and knew at least by November 8, 2017, that the plaintiff intended to seek an extension. *See also Cryer*, 2007 WL 1191928, at *6 (concluding that "defendants are not prejudiced if the court allows plaintiffs to file for class certification" because they had "been on notice since the filing of the original complaint," nearly four months before the request for an extension, "that plaintiffs intended to pursue a class action"). Assuming *arguendo* that the ninety-day deadline runs from the date of removal—the rule adopted by most district courts to address the question—the plaintiff's thirty-two-day delay is not so great that it has made an appreciable impact on these proceedings. *Cf. Howard*, 474 F. Supp. 2d at 55–57 (finding no excusable neglect when plaintiffs waited almost six months after the ninety-day period, and three months after being notified they had

missed the deadline, to request an extension); *see also Copeland v. MCI Commc'ns Servs., Inc.*, No. 07-cv-4865, 2008 WL 11342902, at *2–3 (C.D. Cal. Mar. 13, 2008) (finding that the date of removal triggered the ninety-day deadline); *Lauer v. Chamale Cove*, No. 06-1423, 2007 WL 203974, at *1 (E.D. La. Jan. 24, 2007) ("When a case has been removed, the 90 days begins to run from the date of removal."); *Joseph N. Main P.C. v. Elec. Data Sys. Corp.*, 168 F.R.D. 573, 576 (N.D. Tex. 1996) (noting that if the deadline ran from the filing of a state court complaint, "state court plaintiffs who sought to maintain class actions would be required to anticipate removal and to begin calculating deadlines under rules which do not apply to state actions").

The plaintiff's reasons for the delay, namely, the absence of discovery and the delayed responses from defendants' counsel, *see* Pl.'s Mem. at 5–6, also favor granting an extension. The plaintiff notified the defendants that an extension would be sought, and the parties have agreed to a schedule pursuant to which discovery will close on July 27, 2018. *See* Jt. MCS at 4–6; Minute Order (Jan. 30, 2018). As the defendants acknowledge, Local Rule 23.1(b) "provide[s] for the possibility that the a [sic] party may require discovery to support its motion for class certification." Defs.' Opp'n Pl.'s Mot. Extend Deadline Class Cert. ("Defs.' Opp'n") at 3, ECF No. 21. Granting an extension will allow the plaintiff to conduct that discovery. Finally, the plaintiff acted in good faith by communicating to defendants' counsel the request for an extension and the reasons for that request, and the defendants have not identified any bad faith on the part of the plaintiff in seeking this extension. *See Smith*, 306 F.R.D. at 66 ("In the absence of any allegation of bad faith on the part of plaintiffs, the Court finds that the equities counsel against denying class certification on the basis of a relatively short delay alone—plaintiffs' neglect, then, is excusable."). While the plaintiff's tardiness is not condoned, the balance of

equities favors granting an extension of time to move for class certification. Accordingly, it is hereby

**ORDERED** that the plaintiff's motion is GRANTED; and it is further

**ORDERED** that the plaintiff shall, by August 10, 2018, file any motion for class certification. The Scheduling Order entered on January 30, 2018, remains in effect.

**SO ORDERED.**

Date: February 6, 2018

_____
BERYL A. HOWELL
Chief Judge